# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

SLEP-TONE ENTERTAINMENT CORPORATION,

    Plaintiff,

    v.

BEVERLY GLASS,
    Defendant.

**CASE NO. 3:11cv335-GCM**

**FILED UNDER SEAL**

## TEMPORARY RESTRAINING ORDER AND ORDER OF SEIZURE

This matter is before the Court upon the *ex parte* application of the Plaintiff, Slep-Tone Entertainment Corporation ("Slep-Tone"), for entry of a temporary restraining order against infringement of its federally registered trademarks SOUND CHOICE and SOUND CHOICE and Design and for entry of an order of seizure of computer hard drives and other articles pursuant to 15 U.S.C. § 1116(d).

An ex parte hearing on the matter was held on July 15, 2011, at which the Plaintiff presented evidence and argument in support of its application. At the conclusion of that hearing, the Court entered a temporary restraining order and order of seizure pursuant to 15 U.S.C. § 1116(d), directing that the seizure occur within seven days of the entry of the order.

On July 20, 2011, the Plaintiff notified the Court that it would be unable to arrange to execute the order of seizure prior to July 22, 2011, without forcibly entering the Defendant's residence in her absence, because Plaintiff had learned that the Defendant was out of town and would not return until late on July 22. The Plaintiff requested that the prior order be vacated and

a new order be entered in order to enable the seizure to occur with the Defendant physically present.

Having considered the Plaintiff's application, the Complaint, the evidence submitted in support of the application, and the arguments of counsel, and in view of the particular circumstances regarding execution of the prior order, the Court makes the following:

## FINDINGS OF FACT

1. The Plaintiff has established its ownership of U.S. Trademark Registration No. 1,923,448 for the trademark SOUND CHOICE, and of U.S. Trademark Registration No. 2,000,725, for a display trademark as follows:



(together, "the Sound Choice Marks").

2. It appears likely from the evidence of record that the Defendant has sold one or more computer hard drives preloaded with computer files representative of karaoke accompaniment tracks, which computer files are marked with the Sound Choice Marks.

3. The marks on the computer files are identical to the marks registered as described above and are identical to the marks placed by the Plaintiff on its own goods.

4. The Plaintiff has demonstrated that an order other than an ex parte seizure order is not adequate to achieve the purposes of 15 U.S.C. § 1114.

5. The Plaintiff has not publicized the requested seizure.

6. The Plaintiff has demonstrated a likelihood of success in showing that the Defendant used a counterfeit mark in connection with the sale, offering for sale, or distribution of her preloaded computer hard drives.

7. If the preliminary injunction and seizure are not ordered, the Defendant is likely to continue to sell preloaded hard drives at a rate of between five and ten hard drives per week.

8. If the preliminary injunction and seizure are not ordered, the hard drives sold by the Defendant are likely to be used as instrumentalities of infringement of the Sound Choice Marks by the purchasers of the drives, which is likely to result in the incalculable diminution of value of the Plaintiff's business goodwill symbolized by those marks as well as the loss of sales and revenue used to sustain the Plaintiff as a going business concern.

9. The injury to the Plaintiff's rights by the Defendant's likely future actions is both immediate and irreparable.

10. The matter to be seized will be located at the place identified in the application, based upon the sworn statement of a witness with knowledge that the instrumentalities and fruits of the Defendant's activities were located at that address.

11. Because of its significant investment in the creation and stewardship of the intellectual property at issue, the harm to the Plaintiff of denying the application outweighs the legitimate interests of the Defendant, which are at best minimal by any standard.

12. But for the penalties associated with spoliation of evidence, a commonsense, rational response of a person to knowledge of an impending seizure of goods and other articles of this type, the possession of which could subject that person to several million dollars in damages, would be either to destroy those goods and other articles or to hide them outside the reach of the Court.

13. The nature of the goods themselves and the apparatus for making them is to be portable, so that they could be easily hidden.

14. The Plaintiff has demonstrated a substantial likelihood that this Defendant would act to destroy, move, hide, or otherwise mark the instrumentalities and fruits of her activities.

15. Because of the very limited interests of the Defendant against the intrusion posed by a seizure as contemplated herein, only nominal security is necessary to protect those interests.

16. The United States Attorney has been given notice of the Plaintiff's intent to bring its application, and that notice was reasonable under the circumstances.

17. Execution of the prior order without the Defendant present would require her residence to be forcibly opened and searched without her present.

In consideration of the Findings of Fact made above, the Court makes the following

## **CONCLUSIONS OF LAW**

1. The Plaintiff has established a prima facie case of trademark infringement involving counterfeiting by the Defendant.

2. Accordingly, by operation of law, the Plaintiff has demonstrated a likelihood of success on the merits of its case as well as a likelihood that immediate and irreparable injury will result if the Defendant is not enjoined.

3. The balance of the equities supports the entry of a temporary restraining order and an order for seizure.

4. An order other than an ex parte seizure order is inadequate to achieve the purposes of 15 U.S.C. § 1114.

5. The Plaintiff is entitled as a matter of law to entry of a temporary restraining order and an ex parte order under 15 U.S.C. § 1117(d) for the seizure of counterfeit goods and related articles from the Defendant.

6. Strict adherence to the requirement in 15 U.S.C. § 1116(d)(5)(C) that the order of seizure be executed within seven days of entry would cause unnecessary hardship to the Defendant, and principles of equity require that the prior order be vacated and reissued to permit seizure at a time when the Defendant is likely to be present at the place of seizure.

In consideration of the foregoing, the Plaintiff's application is hereby GRANTED, and it is therefore ORDERED and ADJUDGED as follows:

1. The Order of this Court in this matter dated July 15, 2011, is hereby VACATED.

2. The Defendant, Beverly Glass, along with her partners, associates, agents, servants, employees, representatives, and assigns, and all others under their control or in active concert or participation with them, and all other persons and entities having actual knowledge hereof are hereby temporarily ENJOINED and RESTRAINED from

    a. manufacturing, assembling, selling, offering for sale, distributing, or offering to distribute any computer hard drive or other electronic medium containing computer files representing karaoke accompaniment tracks bearing either of the Sound Choice Marks or any mark confusingly similar thereto ("the Enjoined Goods");

    b. representing by any method whatsoever that any of the Enjoined Goods were sponsored, manufactured, authorized, sold, or licensed by the Plaintiff; and

  c.  otherwise taking any action likely to cause confusion, mistake, or deception as to the origin of the Enjoined Goods,

without the express permission of the Plaintiff.

3. Any federal, state, or local law enforcement officer, and any person acting under the supervision and control thereof (together, "Enforcement Officials"), is hereby authorized and directed to seize and maintain in their custody and control any and all Enjoined Goods and counterfeit marks, and the means of making them, and any records documenting the manufacture, sale or receipt of things relating thereto (particularly including computer hard drives; laptop and desktop computers; accounting records relating to the purchase, offering for sale, sale, advertising, or distribution of computer hard drives or karaoke accompaniment tracks to third parties; communications records relating to the offering for sale, sale, advertising, or distribution of computer hard drive or karaoke accompaniment tracks to third parties, whether such records are in paper or electronic form; and customer lists relating to the sale or prospective sale of computer hard drives or karaoke accompaniment tracks), which items are in the possession, custody, or control of the Defendant or of her agents or of persons acting in concert or participation with them at 124 Smith Branch Court, Kernersville, North Carolina, or at such other location as the Defendant may be found or such other premises as the Defendant may control.

4. All Enforcement Officials hereunder are authorized, based upon probable cause, to enter into and upon, and if necessary to detain temporarily, any dwelling place, storage area, container, vessel, or motor vehicle for the purpose of seizing the items identified above; provided, however, that no Enforcement Official who is not a sworn federal, state, or local law enforcement officer shall enter into or upon or detain any dwelling place, storage area, container, vessel, or motor

vehicle except under the supervision and control of a sworn federal, state, or local law enforcement officer.

5. Such seizure shall be accomplished not later than seven (7) days following the entry of this Order. The United States Marshals Service is ordered and directed to cooperate with the Plaintiff to conduct the seizure should the Plaintiff be unable to secure the assistance of another federal, state, or local law enforcement officer or agency.

6. An Enforcement Official who is a sworn federal, state, or local law enforcement officer may, in accomplishing the seizure as provided herein, employ such reasonable force as may be necessary to open, enter, and inspect the contents of any such dwelling place, storage area, container, vessel, or motor vehicle, whether locked or unlocked, occupied or unoccupied.

7. All items seized pursuant to this order shall be promptly delivered up to the care and custody of the Plaintiff's attorney at his offices at 151 Church Street Northeast, Concord, North Carolina, pending further instructions from the Court. The Plaintiff's attorney shall take care to secure the seized items against loss, theft, or damage. The Defendant or her attorneys may access the seized items by appointment with the Plaintiff's attorney.

8. Any person who interferes with the execution of this Order is subject to arrest by a sworn law enforcement officer.

9. Simultaneously with seizure hereunder, or as soon thereafter as is practical under the circumstances (but not before the seizure), the Defendant shall be served with a copy of this Order, together with a copy of the summons and Complaint in this matter.

10. This Order is being issued to protect the Plaintiff from irreparable injury to its trademarks and goodwill, which injury may arise if the Defendant should destroy, hide, or transfer to a third party any of the goods which are the subject of this Order.

11. The Defendant is hereby ordered to cooperate with Enforcement Officials executing seizure hereunder and shall deliver up and provide items sought to be seized, wherever such items are located. The Defendant is also ordered to preserve all documents and things having relevance to the facts and circumstances alleged in the Complaint and is prohibited from engaging in any act calculated to destroy evidence relevant to this action or otherwise make such evidence unavailable to the Court, in the event that the seizure contemplated herein does not result in the seizure of such evidence. Any attempt to destroy, conceal, hide, or transfer items that are the subject of this Order shall be regarded as contempt of the Order and sanctioned accordingly.

12. The Plaintiff has posted security in the amount of $2,500.00 to secure payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained, pending the hearing and determination of the continuation of this Order.

13. A hearing on a preliminary injunction is hereby set for Thursday, July 28, 2011, at 10:30 a.m., in Courtroom No. 3 at the United States Courthouse, 401 W. Trade Street, Charlotte, North Carolina, at which the Court will receive evidence and argument from the parties concerning the entry of a preliminary injunction and the continuation of the order for seizure. At the hearing, the Plaintiff shall have the burden of showing that the facts supporting the Findings of Fact and Conclusions of Law are still in effect. The Defendant is additionally ordered to appear and then and there show cause, if any, why a preliminary injunction should not be entered on the same terms as the temporary restraining order above and to raise any objection concerning a seizure effected pursuant to this Order.

14. This Order shall become valid, effective, and subject to execution upon its entry and shall expire at 11:59 p.m. Eastern Daylight Time, July 27, 2011, as to its seizure provisions, and otherwise at the conclusion of the hearing set above, unless otherwise extended by the Court.

15. All persons, other than the Plaintiff, its employees, and its attorneys and staff, who become aware of this action and Order are hereby ORDERED not to reveal the existence of this action or Order to any other person, except that persons authorized to enforce this Order may reveal its existence to the extent necessary to carry out their official duties, and the Defendant may confer with one or more attorneys concerning this action.

IT IS SO ORDERED.

Signed: July 21, 2011

Graham C. Mullen
United States District Judge

SEALED DOCUMENT with access to Specified Parties/Plaintiff