IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

DEC 08 2011

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

SLEP-TONE ENTERTAINMENT
CORPORATION,
    Plaintiff,

v.

BEVERLY GLASS,
    Defendant.

Civil Action No. 3:11cv335-GCM

## CONSENT JUDGMENT

By consent of the parties, the Court hereby enters judgment for the Plaintiff, Slep-Tone Entertainment Corporation ("Slep-Tone") on all claims. In support of the judgment, the Court makes the following:

## STIPULATED FINDINGS OF FACT

1.     Slep-Tone is the owner of U.S. Trademark Registration No. 1,923,448 for the trademark SOUND CHOICE, and of U.S. Trademark Registration No. 2,000,725, for a display trademark as follows:



(together, "the Sound Choice Marks").

1

2. Glass has sold computer hard drives preloaded with computer files representative of karaoke accompaniment tracks, which computer files are marked with the Sound Choice Marks.

3. The marks on the computer files are identical to the marks registered as described above and are identical to the marks placed by Slep-Tone on its own goods.

4. The computer hard drives sold by Glass constitute counterfeit goods marked with the Sound Choice Marks.

5. Slep-Tone did not authorize Glass to sell goods marked with the Sound Choice Marks.

6. The computer hard drives sold by Glass are functionally equivalent to the compact discs sold by Slep-Tone under the Sound Choice Marks, in that both media are capable of storing and do in fact store computer files representative of karaoke accompaniment tracks.

7. Glass's activities are in competition with Slep-Tone, in that persons who purchase Glass's goods are likely to do so in lieu of purchasing goods from Slep-Tone.

8. The Sound Choice Marks are strong trademarks, having been registered and in continuous and substantially exclusive use for a long period of time and having been acknowledged under 15 U.S.C. § 1065 as incontestable.

9. The advertising, sale, and distribution of the computer hard drives by Glass is likely to cause confusion among the consuming public as to the source of the goods, specifically with regard to the authenticity of the goods.

10. Glass's activities were conducted with knowledge of Slep-Tone's exclusive rights in the Sound Choice marks and with willful disregard of the damage done to Slep-Tone's rights, with a motivation to profit from the unlawful use of Slep-Tone's property.

11. The economic value of the SOUND CHOICE-branded karaoke accompaniment tracks stored on each of the drives Glass created is at least $25,000.

12. Glass created at least 64 such drives.

13. Slep-Tone has suffered significant damage to its property.

14. Slep-Tone has elected to receive an award of statutory damages.

15. The parties have consented to the entry of this judgment.

Based upon the foregoing Stipulated Findings of Fact, the Court makes the following:

## CONCLUSIONS OF LAW

1. This Court has personal jurisdiction over the parties in this case, and venue is proper herein.

2. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1331 because the action is founded upon an act of Congress.

3. Glass's actions constitute trademark infringement involving counterfeiting.

4. Glass's actions were willful.

5. Slep-Tone is entitled to a significant damage award of at least $1,000 and as much as $2,000,000 per registered mark infringed.

6. A statutory damage award of $1,600,000.00 is reasonable in consideration of the economic value of Glass's infringement and is sufficient to provide a significant deterrent effect to Glass and others who would act similarly.

7. Slep-Tone is also entitled to the entry of a permanent injunction against the use of the Sound Choice Marks by Glass.

8. Slep-Tone is further entitled to destroy the counterfeit goods stored upon the hard drives previously seized in conjunction with orders of the Court.

Accordingly, in view of the foregoing, it is hereby ORDERED, DECREED, and ADJUDGED as follows:

A. Judgment is hereby entered in favor of Slep-Tone Entertainment Corporation against Beverly Glass in the amount of One Million, Six Hundred Thousand Dollars ($1,600,000.00), together with interest thereon at the legal rate of eight percent per annum until paid.

B.     Glass and all those acting in privity with her who have actual knowledge of this injunction are hereby ENJOINED from making, copying, sharing, distributing, selling, or otherwise using digitized copies of karaoke accompaniment tracks, commercially or otherwise, which tracks are marked with either the mark in U.S. Trademark Registration No. 1,923,448, for SOUND CHOICE®, or the mark in U.S. Trademark Registration No. 2,000,725, for a display trademark SOUND CHOICE & Design®, without the prior, express written permission of Slep-Tone Entertainment Corporation or its successor-in-interest, if any, to the ownership of those marks.

C.     To the extent they have not already been seized, Glass shall deliver up to Slep-Tone all such data storage devices belonging to her, which devices contain karaoke accompaniment tracks marked with either of the trademarks identified above.

D.     To the extent they have not already been seized, Glass shall deliver up to Slep-Tone her accounting and communications records relating to her purchase, advertising, sale, or distribution of computer hard drives containing karaoke accompaniment tracks and shall cooperate with Slep-Tone to obtain same from service providers who possess those records.

E.  The security posted by Slep-Tone in conjunction with the entry of the Temporary Restraining Order is hereby exonerated, and the Clerk is directed to return the security to Slep-Tone.

F.  This Court retains jurisdiction over this matter for the purposes of enforcing paragraphs B, C, and D above.

By agreement of the parties, each party shall bear its own costs relating to this action.

IT IS SO ORDERED.

Date: 8th Dec 2011

GRAHAM C. MULLEN
Senior United States District Judge

## CONSENT TO ENTRY OF JUDGMENT

I, Beverly Glass, hereby consent to the entry of judgment in this action in the form specified on the foregoing pages.

10-19-11    Beverly Glass
Date        Beverly Glass

STATE OF NORTH CAROLINA
Forsyth COUNTY

### NOTARIZATION

On the date indicated below, Beverly Glass personally appeared before me and executed the foregoing instrument, acknowledging that she executed the same as her free act and deed.

_____
Notary Public

Angela W. Campbell
Printed Name

10-19-2011
Date

My Commission Expires: 02-09-2012

ANGELA W. CAMPBELL
Notary Public, North Carolina
Forsyth County
My Commission Expires
February 09, 2012

7

## CONSENT TO ENTRY OF JUDGMENT

On behalf of Slep-Tone Entertainment Corporation, I hereby consent to the entry of judgment in this action in the form specified on the foregoing pages.

SLEP-TONE ENTERTAINMENT CORPORATION

___10/3/11___  By: ___Kurt J. Slep___
Date               Kurt J. Slep
                   Its President & CEO

---

STATE OF NORTH CAROLINA }
                        }
MECKLENBURG COUNTY      }

### NOTARIZATION

On the date indicated below, Kurt J. Slep personally appeared before me and executed the foregoing instrument, acknowledging that he executed the same with the authority and intent to bind Slep-Tone Entertainment Corporation thereto.

___Angela Walther___
Notary Public

___Angela Walther___
Printed Name

ANGELA WALTHER
NOTARY PUBLIC
Mecklenburg County, North Carolina

___10/3/11___
Date

My Commission Expires: ___August 4, 2012___